IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 323

| ROBERT L. KRAFT, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on a Motion for Judgment on the Pleadings by Defendant (Doc. 7) and a Motion for Leave to Amend Complaint by Plaintiff (Doc. 13)("Motion for Leave to Amend").

I. Procedural Background

On September 18, 2019, Plaintiff Robert L. Kraft ("Plaintiff") filed this action in the Superior Court of Buncombe County, North Carolina. Defendant State Farm Fire and Casualty Company ("Defendant") removed the case on November 11, 2019. (Doc. 1).

1

On December 11, 2019, Defendant filed its Motion for Judgment on the Pleadings.[1] (Doc. 7).

On January 6, 2020, Plaintiff filed his Motion for Leave to Amend. (Doc. 13).

Both motions have now been fully briefed. See Docs. 17, 18, 19, 20.

II. Factual Background

### A. Allegations in the Original Complaint

Plaintiff is a citizen and resident of Georgia. Defendant is an Illinois corporation that issues insurance policies in North Carolina. Pl.'s Compl. (Doc. 1-1) at ¶¶ 1-3.

Plaintiff is the owner of certain real property located in Bryson City, North Carolina on which a residence was located. Since at least mid – December of 2017, the property has been insured through a homeowner's policy issued by Defendant. Id. at ¶¶ 7-9.

Plaintiff made timely payments on the policy and otherwise performed under the contract. Id. at ¶¶ 10-11.

On or about December 14, 2018, Plaintiff's residence was totally destroyed by an accidental fire. Id. at ¶¶ 12-14.

---

[1] In the Motion, Defendant seeks the dismissal of Plaintiff's claims for breach of the implied covenant of good faith and fair dealing, bad faith, unfair and deceptive trade practices, and punitive damages. The Motion does not pertain to Plaintiff's breach of contract claim.

On or about January 7, 2019, Plaintiff filed a claim with Defendant and, on February 25, 2019, provided a Sworn Statement in Proof of Loss. Id. at ¶¶ 15-16. Plaintiff was also examined under oath by Defendant's counsel on April 2, 2019. Id. at ¶ 18.

At some point, counsel for Defendant informed Plaintiff that no further documentation would be necessary for Defendant to decide the claim. Further, Defendant sent letters to Plaintiff "expressing intent to deny the claim." Id. at ¶¶ 19-20.[2]

Despite Plaintiff's multiple demands for Defendant to decide his claim, Defendant "refused to do so." Id. at ¶ 21.

### B. The Proposed Amendments

Plaintiff has submitted a proposed Amended Complaint through which he seeks to add certain allegations including:

- That Plaintiff was at the property at the time of the fire and was injured as a result of the fire. Pl.'s Am. Compl. (Doc. 13-2) at ¶ 13.
- That on July 17, 2019, Plaintiff requested a determination from Defendant regarding his claim within fourteen (14) days. However, Defendant did not issue a decision before the expiration of that period. Id. at ¶¶ 20-21.

---

[2] The Complaint does not identify the dates on which these events occurred.

- That after Plaintiff initiated this action in state court, Plaintiff received a letter from Defendant denying Plaintiff's claim and alleging that Plaintiff had intentionally burned down the property. Id. at ¶¶ 22-25.

- That Defendant's action in sending the denial letter was a direct reaction to Plaintiff's filing this action. Id. at ¶ 28.

- That prior to denying Plaintiff's claim, Defendant did not conduct a thorough investigation. Id. at ¶ 31.

- That Defendant subsequently sent a letter to Plaintiff's mortgage-holder stating that Defendant was in a position to satisfy the mortgagee clause under the policy. Id. at ¶ 35.

### III. Legal Standard

Amendments sought pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure are allowed with the opposing party's written consent or leave of court, which leave should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2); United States v. ex rel. Nathan v. Takeda Pharms. N. Am., Inc., 707 F.3d 451, 461 (4th Cir. 2013). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

## IV. Discussion

As noted, Plaintiff does not seek to add new claims or to eliminate existing ones but rather requests leave to include additional allegations, including ones pertaining to Defendant's conduct after Plaintiff initially filed this action in state court.

Defendant argues that Plaintiff's Motion for Leave to Amend should be denied on the basis of undue delay and futility.

### A. Delay and Prejudice

Defendant first argues that Plaintiff's Motion for Leave to Amend is untimely, and therefore prejudicial to Defendant, because Plaintiff "had ample opportunities to amend his Complaint between State Farm's September 27, 2019, denial and State Farm filing its Motion for Judgment on the Pleadings on December 11, 2019." Def.'s Resp. (Doc. 17) at 4.

However, "[d]elay alone ... without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice" as a reason for denying a motion to amend. Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980), cert. denied, 448 U.S. 911 (1980); see also Edwards v. City of Goldsboro, et al., 178 F.3d 231, (4th Cir. 1999) ("delay must be accompanied by prejudice, bad faith, or futility") (citing Johnson v. Orowheat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

"[P]rejudice resulting to the opponent by a grant of leave to amend is reason sufficient to deny [an] amendment. Conversely, absence of prejudice, though not alone determinative, will normally warrant granting leave to amend." Davis, 615 F.2d at 613 (internal citations omitted).

Here, Defendant filed its answer on December 9 and its Motion for Judgment on the Pleadings on December 11. Five days later, on December 16, Plaintiff's counsel advised defense counsel by email that Plaintiff was planning to seek leave to amend his complaint and requested the defense position on that issue. The Motion for Leave to Amend was filed on January 6, 2020.

Defendant does not claim that Plaintiff's motion is made in bad faith and evidence of bad faith does not appear in the record. Similarly, the Court is not persuaded that the circumstances indicate that Plaintiff's request for leave to

6

amend was unduly delayed.[3] Further, there is no indication that Defendant would be materially prejudiced should the Motion for Leave to Amend be allowed. As discussed, no new claims are proposed—Plaintiff seeks only to include additional allegations—and the litigation is in its early stages.

### B. Futility

Defendant's next argument is that Plaintiff's proposed amendments are futile because they "cannot help his breach of implied covenant of good faith and fair dealing, bad faith, [unfair and deceptive trade practices], and punitive damages claims survive [Defendant's] Motion for Judgment on the Pleadings[.]" Def.'s Resp. (Doc. 17) at 6. Defendant, therefore, urges the Court to deny the Motion for Leave to Amend and address the merits of these claims.

A futility review, however, "is not equivalent to an evaluation of the underlying merits of the case. To the contrary, unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations … conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" Glob. Locating Sys., LLC v. ShadowTrack 247, LLC, No. 1:19-CV-00225-MR, 2020 WL 2114381, at *3

---

[3] Defendant appears to take issue with the fact that "Plaintiff's counsel never informed State Farm of his desire to amend his Complaint until five days after State Farm highlighted the deficiencies of Plaintiff's Complaint through its Rule 12(c) motion." Def.'s Resp. (Doc. 17) at 4. However, had Defendant filed a motion to dismiss pursuant to Rule 12(b)(6), Plaintiff would have had the opportunity, pursuant to Rule 15(a)(1)(B), to amend his Complaint as a matter of right in response to such a motion.

7

(W.D.N.C. May 4, 2020)(quoting Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC, CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012)(internal quotations and alterations omitted). In short, to deny a motion to amend on futility grounds, the Court must find that the "proposed amendment is clearly insufficient or frivolous." Johnson, 785 F.2d at 510 (citing Davis, 615 F.2d at 613).

In this case, the undersigned expresses no opinion as to whether Plaintiff's claims may survive should they be challenged after Plaintiff's Complaint has been amended. See Orr v. U.S. EPA, No. 1:19 CV 226, 2020 WL 223920, at *2 (W.D.N.C. Jan. 14, 2020). At this time, however, and particularly considering Plaintiff's attempt to amend his allegations in view of Defendant's Motion for Judgment on the Pleadings, the undersigned finds that Plaintiff should be allowed to amend before the merits of his claims are considered.

Finally, as the Motion for Leave to Amend is being granted, Defendant's Motion for Judgment on the Pleadings is moot and will be denied without prejudice. Glob. Locating Sys., 2020 WL 2114381, at *4 (W.D.N.C. May 4, 2020)(citing Lujan v. Chowan Univ., No. 2:17-CV-57-FL, 2018 WL 3763121, at *3 (E.D.N.C. Aug. 8, 2018)).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion for Leave to Amend the Complaint (Doc. 13) is **GRANTED** and Plaintiff is **DIRECTED** to file his Amended Complaint (Doc. 13-2) within seven (7) days of this Order.

2. Defendant's pending Motion for Judgment on the Pleadings (Doc. 7) is **DENIED WITHOUT PREJUDICE AS MOOT**.

3. The parties are **DIRECTED** to file a revised Joint Certification of Initial Attorneys' Conference and Discovery Plan within fourteen (14) days.

Signed: June 1, 2020

W. Carleton Metcalf
United States Magistrate Judge