IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 323

| | |
|---|---|
| ROBERT L. KRAFT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE FARM FIRE AND CASUALTY )<br>COMPANY, )<br>)<br>Defendant. )<br>) | ORDER |

This matter is before the Court on a Motion to Compel filed by Defendant State Farm Fire and Casualty Company (Doc. 26). The Motion to Compel is fully briefed, see Docs. 27, 29, & 30, and a hearing on the Motion was conducted on November 9, 2020.

I. Background

Plaintiff is the owner of certain real property located in Bryson City, North Carolina, on which a residence was located. Since at least mid-December of 2017, the property has been insured through a homeowner's policy issued by Defendant. Doc. 22, ¶¶ 7-9.

1

On or about December 14, 2018, Plaintiff's residence was destroyed by a fire. Id. at ¶ 12. Plaintiff thereafter made a claim on his homeowner's policy. Id. at ¶ 16.

On September 30, 2019, Defendant denied Plaintiff's claim and asserted that Plaintiff intentionally burned the subject property. Id. at ¶¶ 23, 24; see also Doc. 25, Sixth Affirmative Defense ("Evidence exists that Plaintiff participated either directly or indirectly in setting the fire which damaged or destroyed the Property and/or the Home and State Farm pleads this intentional burning of the Property and/or the Home in bar of and as an affirmative defense against Plaintiff's claims and action herein.").

On October 19, 2020, Defendant filed the instant Motion to Compel. Doc. 26.

## II. Legal Standard

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." This determination is to be made "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Oppenheimer v. Episcopal Communicators, Inc., No. 1:19-CV-00282-MR, 2020 WL 4732238, at *2 (W.D.N.C. Aug. 14, 2020) (quoting Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010)).

A district court has broad discretion in managing discovery, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995), including the "discretion to determine whether discovery is relevant to a party's claim or defense," Serum Source Int'l, Inc. v. GE Healthcare Bio-Sciences Corp., No. 3:16CV471, 2017 WL 915132, at *1 (W.D.N.C. Mar. 8, 2017) (citing Watson v. Lowcountry Red Cross, 974 F.2d 482, 489 (4th Cir. 1992)).

### III. Discussion

Through the Motion to Compel, Defendant seeks an order directing Plaintiff to produce "all nonprivileged file materials" regarding two state court criminal cases pending against Plaintiff, 18-CRS-050097 and 18-CRS-050098 (the "Criminal Files"). Doc. 26, p. 1. The parties explained during the hearing that Plaintiff has been charged with five (5) counts of controlled substance-related crimes under state law. The Criminal Files were created by state authorities and were provided to Plaintiff's separate criminal defense counsel as part of the criminal discovery process in those state cases. Plaintiff's counsel in this matter can access that material. Defendant sought copies of the files

3

directly from the District Attorney by way of a subpoena. The District Attorney, however, objected to that request and indicated that Defendant should seek the Criminal Files directly from Plaintiff. Defendant has not sought to compel the District Attorney to produce the Criminal Files pursuant to the subpoena but instead requests that Plaintiff be directed to produce the information in response to a document request previously propounded by Defendant which seeks "[c]opies of any materials in your possession related to the charges against you in relation to manufacturing marijuana at the Property," Doc. 26-1, p. 10.

In support of the Motion to Compel, Defendant argues that evidence of financial strain constitutes circumstantial evidence of a potential motive for Plaintiff to burn the property, Doc. 27, at pp. 5-7, and that the Criminal Files may contain such information. Doc. 26, p. 2. Specifically, Defendant contends that its investigation has revealed that Plaintiff was arrested in April 2018 for manufacturing marijuana at the property, and that Plaintiff "risked owing a hefty federal tax lien as a result of these criminal charges." Doc. 27, p. 2. This position is based on a January 9, 2019 note contained in Defendant's pre-suit file ("File Note") which states that Defendant's representative, Patrick Campanaro, spoke to a "Det. Jason Gardner" who reported that Plaintiff "has motive due to a pending hefty NC Tax assessment due to the marijuana arrest" and that "there will be a Federal Tax lien pending also." See Doc. 27-1.

4

During the hearing, Plaintiff agreed that the Criminal Files are responsive to Defendant's document request and that evidence of financial distress would be relevant to an intentional burning defense. In addition, Plaintiff does not appear to dispute that the Criminal Files are within Plaintiff's possession, custody, or control for discovery purposes. Plaintiff asserts, however, that Defendant has failed to offer a persuasive basis for believing that information regarding Plaintiff's possible financial motivation for the alleged intentional burning would be found in the Criminal Files. Plaintiff further contends that if Defendant is interested in "federal tax liens," Defendant should tailor its discovery request to that specific documentation. Doc. 29, p. 2; see also Doc. 29, p. 3. During the hearing, Plaintiff alternatively suggested that the Court could conduct an *in camera* review of the Criminal Files to determine whether any evidence of financial distress by Plaintiff was contained therein.

Information relative to Plaintiff's financial obligations and condition could provide circumstantial evidence of a possible motive relative to Defendant's intentional burning defense. See Freemand v. St. Paul Fire and Marine Insurance Company, 72 N.C.App. 292, 299, 324 S.E.2d 307, 311 (1985) ("To establish the defense of an intentional burning by an insured, the defendant must prove that the property was intentionally burned and that the insured participated either directly or indirectly in its burning. Plaintiff's

5

Case 1:19-cv-00323-WCM   Document 32   Filed 11/10/20   Page 5 of 7

motive and opportunity are merely circumstances to be considered in determining whether there has been an intentional burning by the insured or someone procured by him. They are not essential elements of the defense. Here defendant showed motive by presenting evidence of plaintiff's lack of income.").

However, Defendant has not shown that the Criminal Files are likely to contain evidence that Plaintiff was, or was expected to be, under financial pressure. Defendant's argument appears to be that it is possible that Plaintiff intentionally burned the property in order to obtain the insurance proceeds which could then be used to pay tax liens that he anticipated could be imposed if he were to be convicted of the controlled substance offenses.[1]  Yet, no information has been provided to explain why Plaintiff would have expected he might be facing tax liens. Additional details regarding the identity or involvement of Detective Gardner, including whether he was involved in the investigation of Plaintiff's pending charges, have not been provided, nor has it been explained why Detective Gardner subjectively believed, as indicated by the File Note, that one or more tax liens would be placed on the subject property as a result of the pending prosecution of Plaintiff. Similarly, Defendant has not otherwise explained a possible link between Plaintiff's

---

[1] During the hearing, defense counsel acknowledged that Defendant did not know if there were any current tax liens on the subject property as reflected in the public record.

6

Case 1:19-cv-00323-WCM    Document 32    Filed 11/10/20    Page 6 of 7

charges and possible tax liens or why evidence of these issues would be in the Criminal Files.

Under these circumstances, the undersigned is not persuaded that the Criminal Files may contain relevant information regarding a potential motive, specifically evidence of a potential state or federal tax lien, in support of Defendant's intentional burning defense or otherwise that Plaintiff should be ordered to produce the Criminal Files.[2]

Accordingly, the Motion to Compel filed by Defendant State Farm Fire and Casualty Company (Doc. 26) is **DENIED**. Plaintiff has not requested an award of fees pursuant to FRCP 37(a)(5) and the undersigned does not find that such an award should be made.

It is so ordered.

Signed: November 10, 2020

W. Carleton Metcalf
United States Magistrate Judge

---

[2] Defendant has not provided any other basis for finding the entirety of the nonprivileged materials contained in the Criminal Files to be relevant.